## MOORE *v.* DUNN.

Where a party omits to assert his claim to one or more large sums of money, when all his demands are submitted to an arbitrator, such conduct is construed as an admission, to be properly used against him, when subsequently setting up a claim to the same money. Such conduct, however, is open to explanation by the party, as resulting from accident or mistake.

ASSUMPSIT, to recover $2,672.50, for the services of the plaintiff for the defendant, from November 30, 1851, to January 5, 1859. The defendant pleaded the general issue, with a set off, amounting to $2,060.09. The action was referred to an auditor, who reported a balance in favor of the plaintiff. At the trial before the jury, at this term, the defendant claimed to have allowed, in part payment of the plaintiff's claim, two receipts which the auditor had disallowed, as follows:

"Received of Cyrus Dunn $140, for services from November 30, 1851, to May 31, 1852.

J. H. MOORE.

Manchester, May 27, 1852."

"Received of Cyrus Dunn $130.81, on account of my services.

J. H. MOORE.

Manchester, May 27, 1853."

After the action was entered in court, and before the counsel had furnished the specification and set-off, the parties had agreed to refer the case to Warren L. Lane, and

to appear before him without counsel. On the trial, the plaintiff proved by said Lane that, when the parties came before him, they being first sworn, he took down in writing the statement of the claims, as made by each against the other. He then offered to show that, in the statement of the defendant as made before Lane, he did not make mention of the two receipts aforesaid, to which the defendant objected; but the court admitted it, the defendant excepting.

It further appeared from the testimony of Lane, that after the first day the parties appeared before him with counsel. He recollected that these receipts were brought out on the cross-examination of the plaintiff by the defendant's counsel, but whether on the first cross-examination, or afterward, he did not remember. They were not introduced in evidence by the defendant until three or four days had been spent in the hearing. Lane declined to make any report in the case.

A verdict having been returned for the plaintiff, disallowing these receipts, and judgment rendered thereon, the defendant filed a bill of exceptions.

*Cross & Topliff*, and *Morrison & Stanley*, for the plaintiff.

*W. C. & S. G. Clarke*, for the defendant.

NESMITH, J. Here was an omission, on the part of the defendant, to assert his claim to two large sums, embraced in the receipts in question, at the time when all his pecuniary demands against the plaintiff were to be adjusted by a common umpire. Such conduct is very properly construed in law as an admission against a party who may at any time subsequently claim the allowance of the same sums. Nevertheless, it is always competent for the party interested to explain his conduct, as resulting from accident or mistake, and not by design, leaving the whole

evidence to be weighed by the jury. 1 Greenl. Ev., sec. 209; *Hart* v. *Newman*, 3 Camp. 14. We see no reason why this case should form an exception to the general rule. The defendant, being under oath, undertook to present to the auditor the several items that made up his account against the plaintiff. At so .important a crisis, it is difficult to imagine how he could omit from his account these two large sums, amounting to nearly three hundred dollars, or to make a seasonable profert thereof, except through great inadvertence. Such conduct, in withholding all knowledge of such large sums, would be set down as singular and unusual. Professor *Greenleaf* adds, that the mere fact that the admission was made under oath, does not seem alone to render it conclusive against the party, but it adds vastly to the weight of the testimony, throwing upon him the burden of showing that it was a case of clear and innocent mistake. 1 Greenl. Ev., sec. 210. We understand the defendant, in this case, has had full opportunity to convince a jury that his claims were due and just, and has failed in his effort. He, then, has had the full benefit of the legal principles applicable to his case. Lane was properly admitted to testify in the case, and to show the *modus operandi* of the parties before him, while acting as auditor in the case. Though his testimony might not be very material, yet it was properly admitted, to explain the conduct of the parties. We think, therefore, the defendant's exceptions should be overruled, and that there should be

*Judgment on the verdict.*